UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JODI SCHULZ,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

    Defendant.

CASE NO. C18-96 BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff, Jodi Schulz, appeals the ALJ's decision finding her not disabled. The ALJ found post-traumatic stress disorder, panic disorder with agoraphobia, attention deficit disorder, anxiolytic dependence, iatrogenic opioid dependence, history of alcohol abuse, back impairment associated with low back pain and history of headaches without clear etiology, history of scabies, and recurrent dermatitis are severe impairments; the impairments do not meet the Listings; plaintiff retains the RFC to perform less than the full range of light work subject to additional postural, environmental, and mental limitations; and plaintiff is not disabled because she can perform past relevant work, and other jobs in the national economy. Tr. 19-28. The ALJ's decision is the Commissioner's final decision. Tr. 1.

Plaintiff contends the ALJ (1) improperly relied upon substance abuse to reject medical and testimonial evidence; (2) improperly rejected her testimony, the lay testimony, and the

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 1

opinions of Carl Epp, Ph.D., Phyllis Sanchez, Ph.D., Marnie Levinson, M.A.; and (3) erred at step three by failing to properly evaluate dermatitis. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.     The ALJ Harmfully Erred at Step Three**

The ALJ found recurrent dermatitis is a severe impairment but failed to mention the impairment at step three. Tr. 20. Citing to *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990), the Commissioner argues this failure is of no moment because an ALJ need not state why a claimant fails to satisfy every different section of the listing of impairments. Dkt, 11 at 8. The argument fails. First, the decision itself acknowledges, at step three, the ALJ "must determine whether the claimant's impairment or combination of impairment is of a severity to meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18. The ALJ failed to make this determination.

Second, *Gonzalez v. Sullivan*, does not support the Commissioner's argument. The *Gonzalez* Court focused on whether the ALJ made sufficient findings upon which a "reviewing court may know the basis for the decision." *Gonzalez* at 1200. The *Gonzalez* Court found the ALJ's five page summary of the medical record and the ALJ's findings regarding the claimant's complaints were sufficient, i.e., they provided an "adequate statement of the 'foundations on which the ultimate factual conclusions are based." *Id.* But the *Gonzalez* Court did not hold the ALJ may disregard a severe impairment, make no findings, and provide no discussion regarding the impairment. But that is what the ALJ erroneously did here. *See also Santiago v. Barnhart*, No. 278 F.Supp.2d 1049, 1058 (N.D. Cal. 2003) (Rejecting Commissioner's reliance on

*Gonzalez v. Sullivan*, and finding "the Court simply cannot determine from the ALJ's opinion how he came to the conclusion that Santiago's "severe" impairments did not equal sections 1.03 and 1.13."). Consistent with *Santiago* and *Gonzalez,* the Court concludes the ALJ harmfully erred by failing to discuss recurrent dermatitis at step three, or at any subsequent step of the sequential disability evaluation process.

The Commissioner suggests the ALJ's failure to address recurrent dermatitis is harmless because plaintiff does not meet the requirements of Listing 8.05 which governs dermatitis. Dkt. 11 at 8-9. Plaintiff contends otherwise arguing she meets the Listing's requirements. Dkt. 10 at 16-18. These arguments require the court to weigh the evidence, and thus invites the court to impermissibly play ALJ in the first instance. The court reviews the reasons the ALJ asserts in support of her decision. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.2003). If the ALJ fails to make findings regarding a severe impairment, the court cannot simply substitute its own findings and conclusions. *Treichler v. Commissioner of Social Security*, 775 F.3d 1090, 1103 (9th Cir. 2014).

Additionally, remand is appropriate even if recurrent dermatitis does not meet the Listings. In determining a claimant's RFC, an ALJ must assess all the relevant evidence, including medical reports and witnesses' descriptions of limitation, to determine what capacity the claimant has for work. See 20 C.F.R. § 416.945(a). That did not occur here. Hence if the ALJ on remand finds dermatitis does not meet the Listings, the ALJ must nonetheless continue with the five step disability process and determine what impact the severe impairment has on plaintiff's RFC. In sum, the ALJ harmfully erred by failing to mention or discuss recurrent dermatitis, a severe impairment, at step three or at any subsequent step of the disability evaluation process.

**B.     The ALJ's Assessment of Medical and Other Source Opinions**

   *1.     Carl Epp, Ph.D.*

The ALJ rejected Dr. Epp's opinion that plaintiff is markedly and severely limited in her ability to understand, remember, complete a normal work day, and persist. Tr. 24. The ALJ rejected Dr. Epp's opinion on the ground plaintiff "inaccurately reported her history of substance abuse" to the doctor. *Id.* Substantial evidence does not support the ALJ's reasoning. Dr. Epp knew plaintiff's statements about substance abuse did not stack up, noting the discrepancy between plaintiff's denial of substance abuse and her admission that she had used clonazepam for 22 years. Tr. 321. The doctor thus recognized plaintiff was not accurately reporting her substance use. Based on this discrepancy, the doctor indicated he could not make a complete diagnoses and recommended further evaluation for drug addiction. *Id*. If anything, Dr. Epp's recommendation required the ALJ to further develop the record regarding the impact of plaintiff's drug addiction, not simply reject it.

The ALJ also discounted Dr. Epp's opinion on the grounds it was "contradicted" by plaintiff's daily activities. Tr. 24. The Commissioner does not defend this conclusory reason. In any event plaintiff's activities—leaving her home and visiting a son; getting along with health care providers, or buying groceries at a "familiar store" do not contradict Dr. Epps' opinion.

   *2.     Phyllis Sanchez, Ph.D*.

The ALJ rejected Dr. Sanchez's opinion that plaintiff is markedly limited in her ability to complete a normal workday, on the grounds the doctor was unaware of the extent of plaintiff's substance abuse. Tr. 24. In specific, the ALJ found Dr. Sanchez knew about plaintiff's benzodiazepine dependence but did not review plaintiff's medical records, and was unaware plaintiff also tested positive for methamphetamine and opiates. However, Dr. Sanchez stated

"there is some indication of polysubstance use, including sedatives and ETOH." Tr. 633. The doctor specifically noted plaintiff was taking daily doses of Hydrocodone, an opioid, and Clonzepam, a benzodiazepine. *Id.* Dr. Sanchez further indicated all of plaintiff's "symptoms can be subsumed under the panic, benzo/cognitive deficit, and hydrocodone use category." Tr. 636. The record thus shows Dr. Sanchez recognized plaintiff used a variety of substances including opioids and that substance use affected plaintiff's functioning. Additionally, the ALJ did not find plaintiff's methamphetamine use caused limitations that were different than any limitation caused by other substances plaintiff used. Accordingly substantial evidence does not support the ALJ's finding that the doctor was unaware of the extent of plaintiff's substance use.

### 3. *Marnie Levinson, M.A.*

The ALJ rejected Ms. Levinson's opinions that plaintiff cannot maintain regular work attendance, and has a number of other serious functional limitations. Tr. 25. The Commissioner argues the ALJ gave two valid reasons to reject Ms. Levinson's opinion. First Ms. Levinson is not a medical source, i.e. a doctor. *Id.* Evidence from other sources is important and must be evaluated by the ALJ. *See Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir. 2014). The ALJ thus cannot reject an opinion merely because it is rendered by an other medical source. Rather the ALJ must give germane reasons for rejecting opinions from other sources. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ accordingly erred as a matter of law in rejecting Ms. Levinson's opinions simply because she is an other medical source.

Second, the Commissioner argues "the ALJ found Ms. Levinson's opinion was based upon Plaintiff's unreliable self-reports." Dkt. 11 at 6. This is not a valid basis because as discussed below, the ALJ erred in rejecting plaintiff's testimony as to her mental limitations. The Court also notes the argument overstates the ALJ's findings. The ALJ found Ms. Levinson

1  opined plaintiff could not maintain regular attendance or be punctual for work based upon

2  "claimant's self-report." Tr. 25. But the ALJ did not make the same finding as to other

3  limitations Ms. Levinson assessed. Tr. 25.

**C.     Lay Testimony**

Lay testimony as to a claimant's symptoms is competent evidence the ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing do. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Additionally, the ALJ's reasons for disregarding lay witness testimony must be specific. *See Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1053 (9th Cir. 2006).

The ALJ rejected the testimony of plaintiff's step-parents Gordon Sherling and Alonna Chatburn on the grounds they were unaware of plaintiff's substance abuse. Tr. 26. This is not a germane reason. The finding implies substance use is a factor that would affect the witnesses' testimony about plaintiff's functioning, i.e., if they knew about substance use, they would have stated plaintiff is more functional. But the ALJ did not make specific findings regarding the impact of substance use on plaintiff's functioning other than noting "substance abuse is not a factor material to the determination of disability," and plaintiff's history of substance abuse does not render her disabled. *Id.* Given these findings, there is no basis to conclude the step-parents would have given different statements had they known about plaintiff's substance use. The Court accordingly finds the ALJ erred in relying on the step-parents' knowledge of plaintiff's substance abuse to discount their testimony.

The ALJ also failed to discuss a statement provided by SSI Facilitator Luke Christensen. The Commissioner's counsel argues Mr. Christenson's observations are not significant. The Court rejects the argument. The Court reviews the ALJ's findings, not counsel's post-hoc

1 arguments. As noted above, the ALJ is required to take into account lay testimony about a
2 claimant's symptoms. The ALJ failed to do so and accordingly harmfully erred.

**D.     Plaintiff's Testimony**

Newly revised Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *13, provides guidance on how adjudicators must evaluate a claimant's statements. SSR 16-3p is applicable to the ALJ's decision issued July 29, 2016, as adjudicators must apply SSR 16-3p in making decisions on or after March 28, 2016. 82 Fed. Reg. 49, 468. SSR 16-3p eliminates the use of the term "credibility" and instead focuses on an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work. SSR 16-3p does not, however, alter the standards by which courts will evaluate an ALJ's reasons for discounting a claimant's testimony. To reject subjective complaints, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must reject a claimant's testimony for "clear and convincing" reasons. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle v. Commissioner, SSA*, 533 F.3d 1155, 1160 (9th Cir. 2008).[1]

The ALJ rejected plaintiff's testimony for several reasons. First the ALJ focused on plaintiff's daily activities. As to mental limitations, the ALJ found plaintiff's testimony about difficulty leaving her house and missing family events was inconsistent with her testimony that she saw her 16 year old son every other weekend. *Id.* These activities do not contradict one another. Plaintiff testifies she is very close to her son hence her ability to see him only twice a month is consistent with her testimony that she has a limited ability to leave her home. The ALJ

---

[1] In *Carmickle*, the Ninth Circuit rejected the proposition that there had to be a specific *finding* of malingering; rather, it was sufficient that there be *affirmative evidence* suggesting malingering. *See Carmickle*, 533 F.3d at 1160 n.1.

also noted plaintiff's ability to maintain a friendship with her former husband and lack of problems getting along with her health care providers contradicts her testimony that she cannot sustain concentration and persistence. There is nothing showing being friends with a former spouse and being able to get along with health providers requires the concentration and persistence required to perform gainful work. The ALJ's finding is not supported by substantial evidence.

The ALJ also found plaintiff's claim that she suffers from panic attacks is contradicted by her ability to spend time with one or two people; shop twice a month at a familiar store and ride in a private plane flown by her daughter. The record shows plaintiff's panic attacks are triggered by things such as the sores all over her body, and the pressure she feels when asked to do things in a certain time, not the activities noted above. Tr. 48, 58. Substantial evidence thus does not support the ALJ's finding.

The ALJ also noted inconsistencies between plaintiff's testimony about her physical limitations and her activities. Tr. 23. The ALJ noted in July 2014, plaintiff indicated she did all the house and yard work, painted furniture, went outside most days, shopped for two hours at a time, fixed things as a hobby, spent time with her children, did some exercises and walking, and bought a new bicycle. *Id.* The ALJ concluded that taken as whole, these activities indicated that plaintiff could perform light work, in contrast to plaintiff's testimony that she lacked the physical ability to do any work. Plaintiff argues she was homeless at the time she made these statements and did not perform much house or yard work Dkt. 10 at 10. Plaintiff acknowledges she did go for walks but carried a stun gun because she was fearful of others. Plaintiff also argues it is unclear to what extent she engaged in her hobbies and that she painted only a little bit. Plaintiff's views about her activities are not unreasonable but neither are the ALJ's. The Court accordingly

is required to affirm the ALJ's assessment regarding plaintiff's testimony about her physical limitations.

And finally, the ALJ rejected plaintiff's testimony based upon her poor insight into her substance abuse, lack of candor in fully disclosing her substance use to medical sources, and her inconsistent statements about whether she lived in a "drug house." Tr. 23. Plaintiff's lack of insight and statements about where she lived do not contradict her symptom testimony. They may reflect on her overall truthfulness or her character, but under SSR 16-3p, adjudicators may not assesse an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The ALJ accordingly erred in relying on this ground to reject plaintiff's testimony. In sum the ALJ erred in rejecting plaintiff's testimony about her mental problems but gave a valid reason to discount her testimony as to her physical limitations.

**CONCLUSION**

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C § 405(g). The Court has the discretion to remand for benefits or further proceedings. Further proceedings would be useful because the record requires further development. Accordingly, the Court finds remand for further proceedings is appropriate.

On remand, the ALJ shall reassess recurrent dermatitis at step three. If the ALJ determines dermatitis does not meet the Listings, the ALJ shall proceed with the remaining steps of the five step disability evaluation process and consider the impact the severe impairment has on plaintiff's residual functional capacity. The ALJ shall reevaluate the opinions of Dr. Epps, Dr. Sanchez, and Ms. Levinson and develop the medical record as needed. The ALJ shall reevaluate the testimony of the lay witnesses and the testimony of plaintiff, excepting plaintiff's testimony

about her physical limitations. As discussed above, the ALJ provided a valid reason that is supported by substantial evidence to discount plaintiff's testimony regarding her physical limitations; the Court affirms the ALJ's determination in that regard. As appropriate, the ALJ shall also reassess plaintiff's RFC and proceed to steps four and five.

Dated this 13th day of July, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge